**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kurt Adam Oldenburg, | ) | |
| Plaintiff, | ) | CIV 10-656 PHX RCB |
| vs. | ) | O R D E R |
| City of Phoenix, et al. | ) | |
| Defendants. | ) | |

On November 19, 2012, this court conducted a final pre-trial conference in this matter. This order reflects the court's rulings and the parties' stipulations in open court as to plaintiff's motion *in limine* (Doc. 87), and defendants' motions *in limine* (Docs. 94, 95, and 96).

As to "Plaintiff's Motion *in Liminie* [sic] re: Plaintiff's Criminal History (FRE Rules 609 and 403)" (Doc. 87), the parties stipulated to the admissibility of the eight convictions listed on page two (2) of the Defendant's Response in Opposition (Doc. 98). On the basis of that stipulation, the court **denies** plaintiff's motion *in limine* as

1 to those eight convictions.  In all other respects, however,
2 the court **grants** plaintiff's motion *in limine* to exclude
3 evidence of his prior criminal history.
4     As to defendants' "Motion *in Limine* No. 1 to Preclude
5 Plaintiff from Introducing any Evidence that Use of Force used
6 by Defendants at Apartment Complex was Inappropriate,
7 Unreasonable, Excessive or Unlawful" (Doc. 94), the parties
8 stipulated to the admissibility of evidence in accordance with
9 "Defendant's Non-Model Jury Instruction No. 1 Lawful Use of
10 Force by Defendants at the Apartment Complex[.]" See Joint
11 Proposed Jury Instructions (Doc. 89 at 46).  The parties
12 further stipulated to the use of that instruction at trial.
13 The foregoing stipulation renders moot defendants' Motion *in*
14 *Limine* No. 1; and thus, the court **denies** that motion.
15     As to defendants' "Motion *in Limine* No. 2 to Preclude
16 Plaintiff from Introducing Evidence Regarding an Unknown
17 Officer Having Allegedly Stepped on His Ankles" (Doc. 95), the
18 parties stipulated that another officer, not defendants Todd
19 Oliver and Cameron Wells, was holding plaintiff's ankles.
20 That stipulation renders moot defendants' Motion *in Limine* No.
21 2; and thus, the court **denies** that motion.
22     As to defendants' "Motion *in Limine* No. 3 to Preclude
23 Plaintiff from Introducing at Trial Photographs of his
24 Injuries Allegedly taken on May 28, 2008 and his Color Booking
25 Photograph" (Doc. 96), the withdrawal of that motion, see Doc.
26 105 ("Defendants' Withdrawal of Motion *in Limine* No. 3 Doc.
27 96)," obviates the need for a ruling by this court.
28     As specified above, the court hereby **ORDERS** that:

1    (1) Plaintiff's Motion *in Limine* (Doc. 87) is **denied in part and granted in part**;

2    (2) Defendants' Motion *in Limine* No. 1 (Doc. 94) is **denied** as moot;

3    (3) Defendants' Motion *in Limine* No. 2 (Doc. 95) is **denied** as moot; and **IT IS FURTHER ORDERED:**

4    (4) setting this case for a jury trial on **Monday, March 4, 2013, at 9:00 a.m.** in COURTROOM 606, Sixth Floor, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona; COUNSEL SHALL APPEAR AT 8:30 A.M.

    DATED this 4th day of December, 2012.

    _____
    Robert C. Broomfield
    Senior United States District Judge

Copies to counsel of record

- 3 -