**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kurt Adam Oldenburg,<br><br>           Plaintiff,<br><br>     vs.<br><br>City of Phoenix, et al.<br><br>           Defendants. | CIV 10-656 PHX RCB<br><br>O R D E R |

   On November 19, 2012, this court conducted a final pre-trial conference in this matter.  This order reflects the court's rulings and the parties' stipulations in open court as to plaintiff's motion *in limine* (Doc. 87), and defendants' motions *in limine* (Docs. 94, 95, and 96).

   As to "Plaintiff's Motion *in Liminie* [sic] re: Plaintiff's Criminal History (FRE Rules 609 and 403)" (Doc. 87), the parties stipulated to the admissibility of the eight convictions listed on page two (2) of the Defendant's Response in Opposition (Doc. 98).  On the basis of that stipulation, the court **denies** plaintiff's motion *in limine* as

to those eight convictions.  In all other respects, however, the court **grants** plaintiff's motion *in limine* to exclude evidence of his prior criminal history.

As to defendants' "Motion *in Limine* No. 1 to Preclude Plaintiff from Introducing any Evidence that Use of Force used by Defendants at Apartment Complex was Inappropriate, Unreasonable, Excessive or Unlawful" (Doc. 94), the parties stipulated to the admissibility of evidence in accordance with "Defendant's Non-Model Jury Instruction No. 1 Lawful Use of Force by Defendants at the Apartment Complex[.]" See Joint Proposed Jury Instructions (Doc. 89 at 46).  The parties further stipulated to the use of that instruction at trial. The foregoing stipulation renders moot defendants' Motion *in Limine* No. 1; and thus, the court **denies** that motion.

As to defendants' "Motion *in Limine* No. 2 to Preclude Plaintiff from Introducing Evidence Regarding an Unknown Officer Having Allegedly Stepped on His Ankles" (Doc. 95), the parties stipulated that another officer, not defendants Todd Oliver and Cameron Wells, was holding plaintiff's ankles. That stipulation renders moot defendants' Motion *in Limine* No. 2; and thus, the court **denies** that motion.

As to defendants' "Motion *in Limine* No. 3 to Preclude Plaintiff from Introducing at Trial Photographs of his Injuries Allegedly taken on May 28, 2008 and his Color Booking Photograph" (Doc. 96), the withdrawal of that motion, see Doc. 105 ("Defendants' Withdrawal of Motion *in Limine* No. 3 Doc. 96)," obviates the need for a ruling by this court.

As specified above, the court hereby **ORDERS** that:

1  (1) Plaintiff's Motion *in Limine* (Doc. 87) is **denied in part and granted in part**;

2  (2) Defendants' Motion *in Limine* No. 1 (Doc. 94) is **denied** as moot;

3  (3) Defendants' Motion *in Limine* No. 2 (Doc. 95) is **denied** as moot; and **IT IS FURTHER ORDERED:**

4  (4) setting this case for a jury trial on **Monday, March 4, 2013, at 9:00 a.m.** in COURTROOM 606, Sixth Floor, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona; COUNSEL SHALL APPEAR AT 8:30 A.M.

DATED this 4th day of December, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record

- 3 -