**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kurt Adam Oldenburg, | ) | |
| Plaintiff, | ) | CV 10-0656-PHX-RCB |
| vs. | ) | O R D E R |
| City of Phoenix, *et al.* | ) | |
| Defendants. | ) | |

    Currently pending before the court is defendants' motion for reconsideration (Doc. 109). Defendants are seeking reconsideration of two aspects of this court's order pertaining to various motions *in limine* (Doc. 106). Finding that the parties' stipulations rendered each motion moot, this court, *inter alia*, denied defendants' motions *in limine* ("MIL") nos. 1 and 2. See Ord. (Doc. 106) at 2:4-21.

    In seeking reconsideration, defendants contend that "the Court committed clear error and its decision was manifestly unjust[.]" Mot. (Doc. 109) at 4:7. Believing that the agreed

upon stipulation is insufficient,[1] defendants are moving this court to reconsider and grant MIL no. 1 "so that it is clear to Plaintiff that he cannot testify or present other evidence that Defendants used inappropriate, unreasonable, excessive or unlawful force against him at the apartment complex." Id. at 5:6-8. Similarly, also believing that the stipulation as to defendants' motion *in limine* no. 2 is insufficient,[2] defendants are moving this court to reconsider and grant MIL no. 2 "so that it is clear to Plaintiff that he cannot testify or present other evidence that he was injured as a result of an unknown officer standing on or holding his ankles at the Desert Horizon Precinct or that such alleged force was excessive." Id. at 6:3-6.

The court understands defendants' concern, echoed by

---

[1] The parties stipulated to the following:

> On May 20, 2008, Plaintiff Kurt Oldenburg was lawfully arrested by Defendant Todd Oliver at an apartment complex that was under construction. In response to Plaintiffs' resistance to Officer Oliver's efforts to place Plaintiff under arrest, Officer Oliver used a leg sweep and employed the carotid control technique. Officer Oliver also secured handcuffs on Plaintiff's wrists. Officer Oliver and Officer Wells also used a Ripp restraint to secure Plaintiff's ankles. All of these actions by Officer Todd Oliver and Officer Cameron Wells were lawful. Plaintiff cannot recover damages for any injuries he received as a result of any of the actions taken by Officer Oliver and/or Officer Wells at the apartment complex.

Defs.' Proposed Jury Instructions (Doc. 89) at 46 ("Defendants' Non-Model Jury Instruction No. 1 Lawful Use of Force by Defendants at the Apartment Complex" (emphasis omitted)).

[2] The parties stipulated that another officer, not either of the defendants, was holding plaintiff's ankles trying to restrain his legs while plaintiff was at the Desert Horizon Precinct. Audio Tr. (Nov. 19, 2012) at 11:16:34 a.m. - 11:16:59 a.m.

plaintiff's own counsel during the November 19, 2012, final pretrial conference, with confining not just plaintiff, but all witnesses, to testimony and evidence which is consistent with the prior ruling of partial summary judgment in this case. In the court's view, however, that can be accomplished through the stipulations set forth herein, coupled with the court's directions during the final pretrial conference. For example, the court directed the parties to raise the issue early on as to the stipulation regarding MIL no. 1. Audio Tr. (Nov. 19, 2012) at 11:00:35 a.m. - 11:00:42 a.m. In a similar vein, as to MIL no. 2, the court reminded the parties to raise that issue before plaintiff or any other witness inadvertently testifies contrary to or inconsistent with that stipulation. Id. at 11:16:59 a.m. - 11:17:16 a.m. Thus, the court discerns no practical difference between denying MIL nos. 1 and 2 as moot, as the court did, or granting them, as defendants are now seeking. Consequently, defendants have not met their burden of persuading the court that its prior rulings on MIL nos. 1 and 2 resulted in "manifest error[.]" See LRCiv 7.2(g)(1).

Accordingly, the court **DENIES** "Defendants' Motion for Reconsideration of the Court's Denial of their Motions *in limine* No. 1 and 2 as Moot" (Doc. 109) at 1:12-14 (emphasis omitted).

DATED this 10th day of January, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record